Filed 10/9/20  In re Julio S. CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re JULIO S., a Person Coming Under the Juvenile Court Law. | B296574 |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JULIO S.,<br><br>    Defendant and Appellant. | (Los Angeles County Super. Ct. No. TJ22988) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Melissa N. Widdifield, Judge.  Affirmed.

Holly Jackson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Acting Senior Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

A police officer detained appellant Julio S. on suspicion of littering after seeing him throw something onto a public sidewalk. The officer then retrieved the littered item, a usable spray paint can which appellant admitted he had possessed and discarded. Appellant was arrested and charged with possession of an aerosol paint container with the intent to commit vandalism or graffiti. Appellant moved to suppress all evidence -- including his admission, the spray paint can, and the officer's observations -- on Fourth Amendment grounds. No evidence other than the officer's undisputed testimony was presented at the suppression hearing. The juvenile court denied the motion to suppress, found true the allegation that appellant had possessed the can with the specified intent, and ordered him committed to the custody of the probation department for suitable placement.

On appeal, appellant contends the juvenile court erred in denying his motion to suppress because his detention was

unsupported by reasonable suspicion of criminal activity. We disagree and affirm.

## PROCEEDINGS BELOW

In an August 2018 petition filed under Welfare and Institutions Code section 602, the People alleged that appellant, then a minor, possessed an aerosol paint container with the intent to commit vandalism or graffiti. (Pen. Code, § 594.2, subd. (a).) In September 2018, appellant moved to suppress "all evidence, tangible and intangible, including the aerosol paint container at issue in this case . . . as well as all statements made by [appellant], and all observations of police, resulting from an illegal detention, arrest, search and seizure of [appellant] without a search warrant . . . ." Opposing the motion, the prosecutor argued that appellant had no standing to move to suppress the container because he had abandoned it on a sidewalk before his detention, and that his detention was supported by reasonable suspicion of criminal activity because, inter alia, the detaining officer had seen appellant discard the container.

At the October 29, 2018 suppression hearing, Huntington Park Police Department Officer Jose Macias testified that while driving in his patrol car on August 13, 2018, around 10:00 p.m., he saw appellant and two other males standing at the entrance of an alley near a restaurant that was about to close for the night, "just standing there looking left and right . . . ." He focused his attention on them

3

because there had been "a couple of robberies in the city," and made a U-turn in order to pass by them again. As soon as he drove past, they started walking in the opposite direction. He made another U-turn and "monitored" them. As he drew closer (but no closer than about 50 feet), he saw appellant draw an item from his pocket and throw it onto the sidewalk. He then detained appellant and his companions. He testified, "My reason for stopping is littering."[1]

After backup officers arrived, Officer Macias walked 50 to 75 feet to the location where appellant had discarded the item, and discovered that the item was a usable spray paint can. He asked appellant why he had thrown the can; appellant responded that he had found it on the street and had not wanted to get caught with it.[2] "Based on [appellant's] age and the fact that he had a spray can," the officer arrested appellant for a violation of Penal Code

---

[1] "It is unlawful to litter . . . in or upon public or private property. A person . . . violating this section is guilty of an infraction." (Pen. Code, § 374.4, subd. (a).) "As used in this section, 'litter' means the discarding, dropping, or scattering of small quantities of waste matter ordinarily carried on or about the person . . . in a place other than a place or container for the proper disposal thereof . . . ." (*Id.*, subd. (c).)

[2] Appellant's counsel objected to the admission of appellant's response on the ground that Officer Macias had not informed him of his rights under *Miranda v. Arizona* (1966) 384 U.S. 436. The prosecutor argued no *Miranda* warnings were required because the detention was not a custodial interrogation, and the court, evidently agreeing with the prosecutor, overruled the objection. Appellant does not challenge this ruling on appeal.

4

section 594.2, which he erroneously described as possession of vandalism tools "by a minor."[3]  On cross-examination, Officer Macias testified that one of appellant's companions, Brian Jimenez, had a spray paint can in his waistband that was "'exactly similar'" to the one discarded by appellant.  He testified that he did not arrest Jimenez because, as an adult, Jimenez had a legal right to possess a spray paint can.

No other evidence was presented.  Appellant's counsel submitted on his moving papers.  The prosecutor argued that appellant had no standing to move to suppress the spray paint can because he had abandoned it prior to its recovery by Officer Macias, and that the officer's observations established "good cause" for the detention through which the officer had obtained appellant's admission that he had possessed and discarded the can.

The juvenile court denied the motion to suppress.  It then immediately held an adjudication hearing, at which Officer Macias testified to the same facts.  The court found

---

[3]     Penal Code section 594.2 draws no distinction between minors and adults.  (Pen. Code, § 594.2, subd. (a) ["Every person who possesses . . . an aerosol paint container . . . with the intent to commit vandalism or graffiti, is guilty of a misdemeanor"].)  However, such a distinction is drawn in a similar statute.  (See *id.*, § 594.1, subd. (e)(1) ["It is unlawful for any person *under the age of 18 years* to possess . . . an aerosol container of paint for the purpose of defacing property while on any public highway, street, alley, or way, or other public place, regardless of whether that person is or is not in any automobile, vehicle, or other conveyance" (italics added)].

true the allegation that appellant possessed an aerosol paint container with the intent to commit vandalism or graffiti. At a March 2019 disposition hearing, the court ordered appellant removed from his guardian's custody and committed to the custody of the probation department for suitable placement, with a maximum period of confinement of one year. Appellant timely appealed.

## DISCUSSION

Appellant contends the juvenile court erred in denying his motion to suppress because his detention was unsupported by reasonable suspicion of criminal activity.

### A. *Principles*

"The Fourth Amendment protects against unreasonable searches and seizures." (*People v. Casares* (2016) 62 Cal.4th 808, 837, disapproved on another ground by *People v. Dalton* (2019) 7 Cal.5th 166.) "Minors charged with violating the laws of the State of California pursuant to Welfare and Institutions Code § 602 are entitled to move to suppress any evidence seized as a result of a violation of the minor's fourth amendment rights." (Caskey, Cal. Search & Seizure (2020) § 1:17; see also *ibid.* ["With regard to the substantive law of suppression, there is no meaningful distinction between suppression motions in adult criminal proceedings and in juvenile delinquency cases"].) "In reviewing the trial court's suppression ruling, we defer to its factual findings if supported by substantial evidence. We

6

independently assess the legal question of whether the challenged search or seizure satisfies the Fourth Amendment." (*People v. Brown* (2015) 61 Cal.4th 968, 975.)

A detention subject to Fourth Amendment requirements "occurs when the officer, by means of force or show of authority, has restrained a person's liberty." (*People v. Zaragoza* (2016) 1 Cal.5th 21, 56 (*Zaragoza*).) "[A] detention must be supported by reasonable suspicion the person is involved in criminal activity." (*Ibid.*) "'[T]he level of suspicion the standard requires is "considerably less than proof of wrongdoing by a preponderance of the evidence," and "obviously less" than is necessary for probable cause [citation].'" (*People v. Brown, supra*, 61 Cal.4th at 981.) Reasonable suspicion exists "'when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity.'" (*People v. Casares, supra*, 62 Cal.4th at 837-838.) Littering is a criminal activity. (Pen. Code, § 374.4, subd. (a) ["It is unlawful to litter . . . in or upon public or private property. A person . . . violating this section is guilty of an infraction"].)

### B. *Analysis*

The juvenile court properly denied appellant's motion to suppress because none of the evidence he sought to suppress was obtained as a result of an unreasonable search or seizure. Officer Macias's pre-arrest detention of appellant

was reasonable.[4]  As appellant acknowledges, the officer testified that he detained appellant on suspicion of littering after he saw appellant discard a spray paint can onto a sidewalk.  No contrary evidence was presented.  The officer's undisputed testimony established reasonable suspicion of littering.  (See Pen. Code, § 374.4, subd. (c).)  Thus, appellant fails to establish error in the juvenile court's denial of his motion to suppress the only evidence obtained as a result of his detention, viz., his admission that he possessed and discarded the can.

Appellant falls even shorter of establishing error with respect to the other prosecution evidence, which was not obtained as a result of his detention.  Most of Officer

---

[4]     The reasonableness of appellant's arrest is not at issue because none of the evidence he sought to suppress was obtained as a result of his arrest.  Appellant nevertheless implies his arrest was unreasonable, relying on the false premise that in failing to arrest Jimenez (appellant's adult companion found in possession of an identical spray paint can), Officer Macias revealed that he believed neither Jimenez nor appellant intended to use their spray paint cans to commit vandalism or graffiti. (See Pen. Code, § 594.2, subd. (a) [prohibiting possession of aerosol paint container with such intent].)  In fact, the officer's undisputed testimony established that he failed to arrest Jimenez because he mistakenly believed that only minors could be guilty of the offense for which appellant was arrested.  (See *ibid.* [prohibition applies to "[e]very person"].)  Indeed, appellant acknowledges that the officer "let [Jimenez] go because of his age of majority."  The officer's mistake regarding his authority to arrest Jimenez is irrelevant to the reasonableness of his pre-arrest detention of appellant.

Macias's inculpatory observations were obtained before the detention, as a result of driving past and, briefly, behind appellant. Appellant does not contend this brief monitoring from a distance was a detention subject to Fourth Amendment requirements, and it was not. (See *Zaragoza, supra*, 1 Cal.5th at 56 [detentions occur through force or show of authority]; *People v. Brown* (1990) 216 Cal.App.3d 1442, 1445-1446, 1448 [where officers saw defendant in front of dance hall, approached hall in their patrol car "without any activity on their part that would indicate that they intended to detain any one [*sic*]," left area when defendant walked into hall, returned several minutes later to find defendant in front again, and only then "yelled for defendant to stop and chased him into the dance hall," detention occurred at time of yelling and pursuit].) The officer's observation that the discarded item was a usable spray paint can followed appellant's detention, but was not obtained as a result of it. The officer merely walked on a public sidewalk and retrieved the can from where appellant had discarded it 50 to 75 feet away, as the officer -- or anyone else -- could have done even had appellant never been detained.[5]

_____

[5] Appellant challenges only his detention, without raising any separate objection to the officer's retrieval of the spray paint can. In any event, he lacked standing to raise such an objection because his admitted abandonment of the can on a public sidewalk relinquished any possessory interest or expectation of privacy in the can. (See Caskey, Cal. Search & Seizure, *supra*, § 2:10 [seizure of property occurs when government meaningfully interferes with possessory interest], § 2:18 ["the [United States *(Fn. is continued on the next page.)*

9

In sum, most of the evidence appellant sought to suppress was obtained without any search or seizure, and the one exception -- appellant's admission that he had possessed and discarded the spray paint can -- was obtained as a result of a reasonable detention. Because none of the evidence was obtained as a result of an unreasonable search or seizure, the juvenile court properly denied appellant's motion to suppress.

---

Supreme] Court has made it clear a person who discards or throws away a container may lose any expectation of privacy they once enjoyed. Such property is exposed to the public (including law enforcement) regardless of whether the defendant's intent was merely to avoid being caught 'red-handed'"].)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


MANELLA, P. J.


We concur:


WILLHITE, J.


COLLINS, J.

11